LURETHA M. STRIBLING, ESQ.
133 Westfield Avenue, Suite 4
Clark, New Jersey 07066
(732) 476-5103
Attorney for the Plaintiff
Attorney ID NO. 0008452004

| | |
|---|---|
| MAURICE NASH O/B/O M.N., A Minor<br>MAURICE NASH INDIVIDUALLY | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY |
| Plaintiff, | CASE NUMBER:<br><br>Civil Action *14- 3718*<br>*(☺)* |
| v. | |
| SOUTH ORANGE MAPLEWOOD<br>BOARD OF EDUCATION, BRIAN<br>OSBORNE, SUPERINTENDENT OF<br>SCHOOLS, KIRK E. SMITH, PRINCIPAL,<br>LARRY BUSCHIO, ATHLETIC<br>DIRECTOR, DAVE CURTIN, COACH,<br>DEAN BRENDA BROWN, JOHN AND<br>JANE DOES 1-10, ABC CORPORATIONS<br>A THROUGH Z | **COMPLAINT AND JURY DEMAND**<br><br><br>RECEIVED<br><br>JUN 1 0 2014 |
| Defendant. | AT 8:30_____M<br>WILLIAM T. WALSH, CLERK |

**MAURICE NASH O/B/O M. N., a Minor and MAURICE NASH
INDIVIDUALLY**, by way of Complaint against the Defendants South Orange
Maplewood Board of Education, Brian Osborne, Superintendent of Schools, Kirk E.
Smith, Principal, Larry Buschio, Athletic Director, Dave Curtin, Coach and Dean
Brenda Brown says:

## NATURE OF ACTION

1. This action is a civil action brought as a result of discrimination based on race and violation of civil rights conferred per the United States Constitution and the Civil Rights Act of 1964, Title Six.

2. Plaintiff seeks redress for violations of the Civil Rights Act of 1964, Title Six the United States Constitution, the New Jersey Law Against Discrimination (LAD), the New Jersey Constitution and the New Jersey Civil Rights Act, and Harassment and Creation of a Hostile School Environment which is in violation of the New Jersey Law Against Discrimination. In addition, Plaintiff seeks relief for violation of the Anti-Bullying Statute of New Jersey and the Anti-Bullying Bill of Rights.

## JURISDICTION AND VENUE

3. United States District Court has original subject matter jurisdiction of the claim falling under the United States Civil Rights Act of 1964, Title Six, because this claim falls under the laws of the United States, 28 USC Section 1331. This court has jurisdiction of Title Six because Plaintiff seeks redress and recovery of damages for deprivation of rights conferred and privileges conferred as a result of being a citizen of the United States. The United States District Court has original subject matter jurisdiction of rights protected by the United States Constitution.

4. The United States District Court has supplemental subject matter jurisdiction over New Jersey state law claims because these claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as these

claims form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in the judicial district under 28 USC Section 1391(b) and (c) and 42 USC Section 2000e-5(f)(3), because Defendants have an office, conduct business and can be found in this district and the causes of action arose and the acts and omissions complained of occurred here.

## PARTIES

7. Plaintiff, Maurice Nash resides at 15 Orchard Street in Maplewood, New Jersey 07040.

8. M.N. , a Minor resides at 15 Orchard Road in Maplewood, New Jersey 07040.

9. South Orange Maplewood Board of Education is located at 525 Academy Street in Maplewood, New Jersey 07040.

10. Brian Osborne (Osborne) is the Superintendent of Schools at the South Orange Maplewood School District and has an office at the South Orange Maplewood Board of Education which is located at 525 Academy Street in Maplewood, New Jersey 07040.

11. Kirk E. Smith (Smith) is the Principal at Columbia High School which is located at 17 Parker Avenue in Maplewood, New Jersey 07040.

12. Larry Buschio (Buschio) is the Athletic Director at Columbia High School and has an office at 17 Parker Avenue in Maplewood, New Jersey 07040.

13. Dave Curtin (Curtin) was the Football Coach at Columbia High School during the relevant time period. His office was located at Columbia High School at 17 Parker Avenue in Maplewood, New Jersey 07040.

14. Brenda Brown (Brown) is the Dean of Students at Columbia High School and has an office located at 17 Parker Avenue in Maplewood, New Jersey 07040.

15. John Does 1-10, Jane Does 1-10 and ABC Corporations A through Z are fictitious Defendants that have not yet been identified but may be later identified and named in this litigation.

## BACKGROUND

16. M.N. was a senior at Columbia High School and was a member of the varsity football team. This was his fourth year playing football and he was one of the star players.

23. M.N. was removed from the football team by Coach Curtin because he had missed one day of football practice.

24 On the date of August 30, 2013, Plaintiff and his wife met with the Principal, Kirk E. Smith, the Athletic Director Larry Buschio and Coach Dave Curtin to discuss the wrongful removal of M.N. from the football team.

25. The principal, Smith acknowledged that the removal of M.N. from the football team was wrongful and M.N. was reinstated to the football team on August 30, 2013.

26. Thereafter, M.N. was back on the football team, however, Curtin refused to let M.N. play football. On many of the subsequent days, M.N. was not even allowed to participate in practice.

27. M.N. was seventeen years old.

28. Plaintiff learned in about September of 2013 that Curtin had given to M.N. a contract to sign in which it was made clear that he could not complain about not getting

playing time. The contract also indicated that M.N. would have to work his way back up to his previous rank.

29. Curtin instructed M.N. sign this contract and then went about preventing him from playing football.

30. . Plaintiff complained repeatedly to Smith and Buschio about the fact that M.N. was not being allowed to play football.

31. Plaintiff repeatedly requested that he be provided with a copy of the contract that Curtin had presented to his son and which M.N. had signed.

32. It was expected by Plaintiff that college scouts might be present at some of the football games and that his son might have an opportunity to garner a college scholarship because of his skills playing in the position of running back.

33. M.N. was not put in the football games to play for the most of the football season.

34. Near the very end of the football season, M.N. was allowed to play in a game for a period of about ten minutes. When M.N. played in this football game, the announcer calling the game called M.N. by his jersey number and announced his name erroneously as Phillip Major.

35. After this football game, Plaintiff saw Buschio on the field and while Plaintiff waited on his son to get dressed he spoke with Buschio. Plaintiff once again complained of the fact that M.N. was deprived of the opportunity to play football.

36. After speaking to Buschio, Plaintiff walked away and waited for his son. During this time, Plaintiff saw a few of the baseball coaches speaking with Buschio.

37. The baseball coaches, Steve Campos (Campos) and Joe Fischetti (Fischetti) approached Plaintiff and got into his personal space. Campos spoke to Plaintiff and told

Plaintiff that he had a big mouth. Campos then said that Plaintiff was going to be beaten up. Simultaneously, Fischetti engaged in profanity laced diatribe which was directed at Plaintiff. At this time, Buschio joined in and yelled at Plaintiff.

38. Campos became loud, boisterous and belligerent and indicated that he would beat Plaintiff up. A spectator at the football game actually got in between Plaintiff and Campos so that Campos would be prevented from hitting Plaintiff.

39. Plaintiff reported the actions of the baseball coaches to school administrators, however, the school administrators took no disciplinary action against Campos, Fischetti or Buschio.

40. Plaintiff filed a complaint of harassment in the South Orange Maplewood Municipal Court against Campos, Fischetti and Buschio. The complaint was later withdrawn by Plaintiff.

41. Plaintiff participated in School Board Meetings and made the board members aware of the ordeal that he and M.N. had been subjected to by school personnel in the South Orange Maplewood School District.

42. M.N. was deprived of an opportunity to play football and this action was taken because Plaintiff complained about his son's removal from the football team and then the failure of the coach to allow his son to play football after he was reinstated to the football team. M.N. was given minimal opportunity to play for the football season.

43. Plaintiff now asserts claims for discrimination based on race, hostile school environment and harassment of M.N., retaliation, intentional infliction of emotional distress and violation of the Anti-Bullying Statute and Anti-Bullying Bill of Rights.

## FIRST COUNT (DISCRIMINATION BASED ON RACE IN VIOLATION OF THE UNITED STATES CIVIL RIGHTS ACT OF 1964, TITLE SIX AND THE NEW JERSEY LAW AGAINST DISCRIMINATION)

44. Plaintiff repeats and reiterates each and every statement made under Background as if repeated at length herein in their entirety.

45. Plaintiff is African-American.

46. Coach Curtin, Athletic Director Buschio and Superintendent of Schools Osborne are Caucasian.

47. Plaintiff's son M.N. was treated in a detrimental way by Coach Curtin who took the abusive step of removing M.N. from the football team.

48. When Plaintiff complained about this treatment, he was met with resistance and for the entire football season, M.N. was rarely allowed to play football.

49. Caucasian athletes at Columbia High School were not treated as M.N. was treated under the same circumstances. Caucasian students were not removed from the team after missing a day of practice, nor were Caucasian student athletes made to sign a contract as M.N. had to sign.

50. Caucasian parents in presenting a concern to the school are treated with respect and the issue is addressed without hesitation, however, Plaintiff in attempting to address his concerns was met with resistance and no true effort was made to resolve his concerns.

51. Plaintiff and M. N. was subjected to disparate treatment because of race and in violation of the United States Civil Rights Act of 1964, Title Six and the New Jersey Law Against Discrimination.

52. The United States Civil Rights Act of 1964, Title Six and the  New Jersey Law Against Discrimination prohibit  discrimination  and a remedy is provided under both laws.

**WHEREFORE**  Plaintiff seeks damages from Defendants, South Orange Maplewood Board of Education,  Superintendent Brian Osborne, Principal Kirk Smith, Athletic Director Larry Buschio,  Coach Dave Curtin,  Dean Brenda Brown,  John Does 1-10, Jane Does 1-10,  ABC  Corporations A through Z for discrimination  based on race in violation of the  United States Civil Rights Act of 1964, Title Six and the  New Jersey Law Against Discrimination. Plaintiff seeks  compensatory  damages,  consequential damages, punitive damages, damages for emotional distress,  attorneys fees per the fee shifting mechanism of the statute, costs of suit and any and all other relief which the court deems equitable and proper.

## SECOND COUNT (CREATION OF A HOSTILE  SCHOOL  ENVIRONMENT AND HARASSMENT)

53. Plaintiff repeats each and every statement made under Background and the First Count as if repeated at length herein in their entirety.

54. Coach Curtin  told M.N. that he was being removed from the football team in August of 2013 because M.N. had missed one day of football  practice.  The action in removing M.N. from the football team was harsh and extreme.

55. When the Plaintiff complained about the removal of M.N.   from the  football team, school officials ordered that M.N.  be reinstated to the football team on August 31, 2013.

56. Coach Curtin then took the approach of having MN, a minor sign a contract. The contract stated that  M.N. could not complain about  the amount of playing time that he

would be given and that he would have to work his way back up the rank per the depth chart.

57. M.N. was told to sign this contract and Plaintiff learned of the existence of a contract at a later date from when M.N. signed the contract. Plaintiff questioned the action of Curtin in having M.N. sign a contract and requested a copy of the contract.

58. Plaintiff was concerned that Curtin rarely let M.N. play in the football season and further restricted his ability to practice with his teammates.

59. Plaintiff's repeated complaints to the Principal, Smith and other school officials about his son not being allowed to play football fell on deaf ears. Further, Plaintiff's repeated requests for a copy of the contract that his son had signed were ignored.

60. When M.N. was allowed to play it was for a minimal number of minutes and the announcer in one of the last games of the season spoke about M.N. as he played and announced his name as that of Phillip Majors. There was no effort taken to correct this announcement of M.N. by the name of Phillip Majors. .

61. M.N. now attended school in a hostile school environment.

62. Plaintiff addressed the board members for the South Orange Maplewood School District repeatedly as he attended most board meetings. In addition, Plaintiff sent email communications to the Smith, Osborne and board members about the treatment that his son was receiving regarding playing football and no action was taken to address his concerns.

63. In April 2014, M.N. found an Apple Iphone on a glass case that is in one of the hallways of the school. M.N. was enroute to one of his classes.

64. M.N. picked up the Iphone and with the intention of taking it to the office after he completed his next class. went to his next class. The following period he would have time to go to the office and planned to give the Iphone to school personnel at that time.

65. Plaintiff was called to the office shortly after finding the Iphone and was accused of stealing the Iphone.

66. Dean Brenda Brown (Brown) accused M.N. of stealing the Iphone and badgered M.N. Brown demanded that M.N. confess to stealing the Iphone.

67. M.N. denied stealing the Iphone.

68. Brown during this time demanded that M.N. give to her his cell phone. Brown then searched through M.N.'s cell phone.

68. Michael Healy (Healy), a vice principal at Columbia High School came to the office to speak with M.N. M.N. was interrogated by Healy who said that he should confess to stealing the Iphone.

69. Brown failed to call Plaintiff during this time that M.N. was being subjected to interrogation at the school office by school officials. Brown told M.N. that he could not attend the prom and she suspended him from school for four days.

71. Brown called the South Orange Maplewood Police Department and asked that police officers come to the school.

72. M.N. was taken from the school in hand-cuffs after being arrested. There was a failure to read to him his Miranda Rights.

73. M.N. was embarrassed, humiliated and traumatized when he was accused of stealing an Iphone and then arrested.

74. Plaintiff received a call from Brown at about 2:00 P.M. It was then that he learned that his son had been accused of stealing an Iphone. Brown advised Plaintiff that he should pick his son up from the South Orange Maplewood Police Department.

75. Dean Brown signed a complaint in which she accused M.N. of theft.

76. M.N. was now subjected to criminal prosecution despite the fact that he did not steal an Apple Iphone.

77. M.N. was subjected to criminal prosecution as a result of the deliberate mischaracterization of the events that resulted in M.N. finding the Apple Iphone.

78. Both Plaintiff and M.N. were upset regarding the adverse and inappropriate actions taken by Brown against M.N.

79. M.N. now felt harassed, scrutinized and bullied by school officials. M.N. was ostracized and found that some students who usually spoke to him now shied away from him.

80. Plaintiff felt outrage, humiliation, harassment, that the school actions taken against M.N. were deliberate and that the school officials were targeting M.N.

81. M.N. believed that he was being treated differently than other students, that his conditions of attending school were negative and that he was being closely scrutinized for the purpose to create a hostile environment and to harass him.

82. Plaintiff believed that his son was now attending school in a hostile school environment and that M.N. was being harassed. Plaintiff believed that this treatment of M. N. was the result of discrimination based on race which is in violation of the New Jersey Law Against Discrimination.

**WHEREFORE** Plaintiff seeks damages from Defendants, South Orange Maplewood Board of Education, Superintendent Brian Osborne, Principal Kirk Smith, Athletic Director Larry Buschio, Coach Dave Curtin, Dean Brenda Brown, John Does 1-10, Jane Does 1-10, ABC Corporations A through Z for creation of a hostile school environment and harassment which is in violation of the New Jersey Law Against Discrimination. Plaintiff seeks compensatory damages, consequential damages, punitive damages, damages for emotional distress, attorneys fees per the fee shifting mechanism of the statute, costs of suit and any and all other relief which the court deems equitable and proper.

## THIRD COUNT (VIOLATION OF THE ANTI-BULLYING STATUTE AND THE ANTI-BULLYING BILL OF RIGHTS)

83. Plaintiff repeats and reiterates each and every statement made under Background, the First Count and the Second Count as if repeated at length herein in their entirety.

84. M.N. was accused of stealing an Apple Iphone despite the fact that he had actually found an Apple Iphone while attending school on April 9, 2014.

85. When M.N. traveled to the main office for the purpose of turning the found Apple Iphone in, he was accused of having stolen the Apple Iphone.

86. Dean Brown demanded that M.N. produce his cell phone and he complied. She then spent time going through his cell phone and checking text messages. She then put M.N. in a room at the main office and commenced to interrogating him.

87. An Assistant Principal, Michael Healy (Healy) came to the main office as well and spoke to M.N. in an accusatory manner. Healy demanded that M.N. confess to stealing the Apple Iphone.

88. The badgering of M.N. took place for a period of about forty-five minutes and then Brown called the South Orange Maplewood Police Department and requested that a police car be sent to the school.

89. Plaintiff was then handcuffed and arrested. He was taken to the South Orange Maplewood Police Department, questioned and eventually released to Plaintiff.

90. School personnel are in loco parentis while students are in school. There was not only an obligation to respect the student and to refrain from making accusations, but, school personnel had no right to search M.N.'s cell phone, badger and interrogate him or call the police.

91. School personnel had an obligation to notify Plaintiff and M.N.'s mother and failed to notify the parents.

92. The actions taken against M.N. involved badgering him, interrogating him, engaging in an illegal search of his cell phone and then Brown bringing in another adult who demanded that M.N. confess to theft of the Apple Iphone.

93. The actions taken against M.N. were in violation of the New Jersey Anti-Bullying Statute and the accompanying Anti-Bullying Bill of Rights.

94. The Anti-Bullying Statute provides a remedy for those persons, such as here who choose to violate the Anti-Bullying Statute. The Anti-Bullying Bill of Rights further supports the student's right to not be subjected to bullying at school.

**WHEREFORE** Plaintiff seeks damages from Defendants, South Orange Maplewood Board of Education, Superintendent Brian Osborne, Principal Kirk Smith, Athletic Director Larry Buschio, Coach Dave Curtin, Dean Brenda Brown, John Does 1-10, Jane Does 1-10, ABC Corporations A through Z for violation of the Anti-Bullying

Statute and the Anti-Bullying Bill of Rights. Plaintiff seeks compensatory damages, consequential damages, punitive damages, damages for emotional distress, attorneys fees per the fee shifting mechanism of the statute, costs of suit and any and all other relief which the court deems equitable and proper.

## FOURTH COUNT (RETALIATION IN VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION)

95.    Plaintiff repeats and reiterates each and every statement made under Background, the First Count, the Second Count and the Third Count as if repeated at length herein in their entirety.

96. Plaintiff voiced his concerns about M.N. being removed from the football team in August of 2013 and met with the Principal Smith, Athletic Director Buschio and Coach Curtin on August 30, 2013.

97. At that meeting, Smith ordered that M.N. be reinstated to the football team.

98. Coach Curtin took steps after M.N. was reinstated to the football team to limit his playing time, reduce his rank and require that he work back up to his prior rank and deprive him of the opportunity to play football. Curtin also indicated in the contract that he had M.N. sign that he could not discuss his playing time and that he had to notify the coach if he was going to be late or absent. Curtin then retaliated against Plaintiff for complaining about his son's removal from the football team by limiting M.N.'s playing time.

99. When Plaintiff complained about the treatment of his son, Curtin made matters worse and prevented M.N. from participating in football practice sessions.

100. Plaintiff was also subjected to retaliation by being ignored by school administrators when he complained about the treatment that his son was being subjected to. Plaintiff received no assistance when he complained to school board members of the circumstances that his son was being subjected to.

101. Plaintiff was subjected to the threat of violence as a result of speaking with Athletic Director Buschio about his son and football playing time.

102. At Athletic Director Buschio's encouragement at the end of a game in October of 2013, two baseball coaches, Campos and Fischetti attempted to pick a fight with Plaintiff.

103. The effort made by the baseball coaches to pick a fight with Plaintiff was further retaliation for Plaintiff complaining about his son not being given adequate playing time at the football games.

104. M.N. was placed under close scrutiny during the school year. When M.N. found an Apple Iphone, instead of school personnel thanking him for bringing it to the office, M.N. was accused of theft.

105. After reporting to the office on April 9, 2014, M.N. was badgered, interrogated, accused of theft, reported to the police, arrested and taken into police custody. M.N. was processed at the police department and subjected to criminal court action.

106. The act of accusing M.N. of theft and reporting him to the police where he was arrested was further retaliation against Plaintiff for complaining about M.N.'s treatment by the football coach and other school officials.

107. M.N. as a senior requested transcripts for college in about March and April of 2014.
M.N.'s mother contacted the school about the transcripts when she learned that the
chosen colleges had not received the transcripts.

108. The failure to provide transcript requests for M.N. was further retaliation against
M.N. and Plaintiff.

109. M.N. routinely spent time working out in the gym after school and before going to
participate on the track team. M.N. was told in about May 7, 2014 that he could no
longer come to the gym and exercise.

110. Retaliation is prohibited per the New Jersey Law Against Discrimination and
Plaintiff now seeks a remedy.

**WHEREFORE** Plaintiff seeks damages from Defendants, South Orange Maplewood
Board of Education, Superintendent Brian Osborne, Principal Kirk Smith, Athletic
Director Larry Buschio, Coach Dave Curtin, Dean Brenda Brown, John Does 1-10,
Jane Does 1-10, ABC Corporations A through Z for retaliation in violation of the New
Jersey Law Against Discrimination. Plaintiff seeks compensatory damages, consequential
damages, punitive damages, damages for emotional distress, attorneys' fees per the fee
shifting mechanism of the statute, costs of suit and any and all other relief which the
court deems equitable and proper.


## FIFTH COUNT (ABUSE OF PROCESS)

111. Plaintiff repeats and reiterates each and every statement made under Background,
the First Count, the Second Count, the Third Count and the Fourth Count as if repeated at
length herein in their entirety.

112. M.N. found an Apple Iphone on a glass bookcase at Columbia High School.

113. M.N. took the Iphone to the main office.

114. Dean Brown immediately accused M.N. of theft and examined his telephone, repeatedly questioned him and even called in another administrator who questioned M.N.

115. M.N. was accused of stealing an Iphone and despite his statement that he had not stolen an Apple Iphone but had simply found the Apple Iphone on the glass case.

116. Dean Brown engaged in a wrongful search of M.N.'s cell phone and then decided to criminalize an act which was not criminal and did not violate the law.

117. M.N. was accused of theft, was reported to the police to whom Dean Brown gave a statement that M.N. had stolen an Iphone and M.N. then became another statistic in the criminal justice system.

118. Dean Brown had no belief that M.N. had stolen an Iphone. In fact, the student who lost the Iphone admitted that she had left the Iphone on a glass case, There was no testimony from this student that the Iphone had been taken from her.

119. With the facts as presented by the student who lost the Apple Iphone and the statements made by MN, Dean Brown and other school officials could not have reasonably believed that MN had stolen an Iphone.

120. Despite this, Dean Brown contacted the police and asked that they report to Columbia High School. Dean Brown also provided a statement when the police arrived which suggested that M.N. had engaged in criminal activity.

121. Dean Brown and other school officials engaged in abuse of process in reporting M.N. to the police and having M.N. arrested and processed through the system in place at the police department.

**WHEREFORE**   Plaintiff seeks damages from Defendants, South Orange Maplewood Board of Education,   Superintendent Brian Osborne, Principal Kirk Smith, Athletic Director Larry Buschio,  Coach Dave Curtin, Dean Brenda Brown,  John Does 1-10, Jane Does 1-10,  ABC  Corporations A through Z for having subjected M.N.  to abuse of process.    Plaintiff seeks compensatory damages, consequential damages, punitive damages, damages for emotional distress,  attorneys fees per the fee shifting mechanism of the statute, costs of suit and any and all other relief which the court deems equitable and proper.

LURETHA M. STRIBLING  LLC
133 WESTFIELD AVENUE, SUITE 4
CLARK, NEW JERSEY 07066

LURETHA M. STRIBLING
Attorney for the Plaintiff

DATED: June 2, 2014

### **"and Demand for Jury Trial"**

Pursuant to Local Civil Rule 38(b), Plaintiff  hereby  demands a trial by jury on all of the issues herein.

LURETHA M. STRIBLING
Attorney for the Plaintiff

DATED: JUNE 2, 2014

## DESIGNATION OF TRIAL COUNSEL

Luretha M. Stribling is hereby designated as trial counsel for the Plaintiff in the

above matter.

LURETHA M. STRIBLING
Attorney for the Plaintiff

DATED: JUNE  2, 2014

## CERTIFICATION

It  is hereby stated that the matter in controversy is not the subject of any other action

pending in any other Court or of a pending Arbitration proceeding to the best of our

knowledge or belief. To the best of our belief, no other action or Arbitration

proceeding is contemplated. Further, other than the parties set forth in this pleading,

we know of no other parties that should be joined in the above action at this time. In

addition, we recognize a continuing obligation of each party to file and serve on all

parties in the Court an amended Certification if there is a change in the facts stated in

this original Certification.

LURETHA M. STRIBLING
Attorney for the Plaintiff

DATED: JUNE 2, 2014