**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE NASH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH ORANGE MAPLEWOOD BOARD OF EDUCATION, et al., <br><br> Defendants. | Civil Action No. 14-3718 (JLL) <br><br> **ORDER** |

**LINARES,** District Judge.

    **THIS MATTER** comes before the Court by way of Plaintiffs' motion for default judgment as to all Defendants in this matter [Entry No. 6] and Defendants' cross-motion to vacate the Clerk's Entry of Default [Entry No. 9]. The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Based on the reasons that follow, Plaintiffs' motion for default judgment is denied and Defendants' cross-motion to vacate the Clerk's Entry of Default is granted. Defendants shall file an Answer to Plaintiffs' Complaint within **fourteen (14) days** of entry of this Order.

    Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b) (1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). As a general matter, even when a party is properly in default, the other side is not entitled to the entry of default judgment as of right, and the entry of such a

1

judgment is left primarily to the discretion of the district court. *See, e.g., Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

By way of background, Plaintiffs' Complaint was filed with the Court on June 16, 2014. This Court's jurisdiction is premised on federal question, 28 U.S.C. § 1331. Plaintiffs' Complaint, which is brought by Maurice Nash on behalf of his minor son, M.N., raises claims of race discrimination by Defendant South Orange Maplewood Board of Education and various administrators, in violation of the Civil Rights Act of 1964. On July 18, 2014, default was entered by the Clerk as to Defendants Brian Osborne, South Orange Maplewood Board of Education, Brenda Brown, Dave Curtin, Larry Buschio, and Kirk Smith for failure to plead or otherwise defend in connection with this action, pursuant to Federal Rule of Civil Procedure 55(a). On July 22, 2014, Plaintiffs filed a motion for default judgment as to the foregoing Defendants pursuant to Federal Rule of Civil Procedure 55(b).

On July 29, 2014, the foregoing Defendants filed a cross-motion to vacate the Clerk's entry of default and in opposition to Plaintiffs' motion for default judgment. In support of their cross-motion, Defendants maintain that their brief delay in responding to Plaintiffs' Complaint was due to an "inadvertent oversight by the District Defendant in not promptly forwarding the Summons and Complaints served on the foregoing Defendants to its insurance carrier." Defendants have also come forward with a meritorious defense to Plaintiffs' claims in this matter. In particular, Defendants maintain that the evidence will reveal that Plaintiff M.N.'s playing time on the football team was not impacted or reduced based upon his race; rather, the evidence will show that Plaintiff missed several practices and training sessions at the beginning of the season, which led to his being initially removed from the football team. Defendants have also made a showing that their failure to file an Answer by the due date was not the result of any culpable conduct on their part, but rather a mere inadvertent oversight in the District's failure to send a copy of the Summons and Complaint to their insurance carrier in a prompt manner. Finally, and perhaps most importantly, there is simply no indication before the Court that Plaintiffs would be prejudiced in any meaningful way by having their case decided on the merits.

In light of the foregoing, and given the Court's general preference for deciding cases on the merits, the Court finds that Defendants have demonstrated good cause to vacate the Clerk's Entry of Default. *See generally United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) ("[T]his court does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.' ") (citations omitted).

Accordingly, **IT IS** on this **14th day of August, 2014**,

**ORDERED** that Plaintiffs' motion for default judgment as to all Defendants [Entry No. 6] is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion to vacate the Clerk's Entry of Default [Entry No. 9] is **GRANTED**. Defendants shall file an Answer to Plaintiffs' Complaint within **fourteen (14) days** of entry of this Order.

**IT IS SO ORDERED.**

                                                    Jose L. Linares
                                                  United States District Judge